# R<small>EPPERT</small> K<small>ELLY</small> & V<small>YTELL</small>, LLC
### C<small>OUNSELORS AT</small> L<small>AW</small>

110 A<small>LLEN</small> R<small>OAD</small>, S<small>UITE</small> 208                    570 L<small>EXINGTON</small> A<small>VENUE</small>, 10<small>TH</small> F<small>LOOR</small>
B<small>ASKING</small> R<small>IDGE</small>, N<small>EW</small> J<small>ERSEY</small> 07920            N<small>EW</small> Y<small>ORK</small>, N<small>EW</small> Y<small>ORK</small> 10022
T<small>ELEPHONE</small>: (908) 605-2120                 T<small>ELEPHONE</small>: (212) 490-0988
F<small>ACSIMILE</small>: (908) 605-2121                  F<small>ACSIMILE</small>: (212) 490-0287

W<small>RITER'S</small> E<small>MAIL</small> A<small>DDRESS</small>
NVYTELL@RKVFIRM.COM

December 19, 2022

**VIA ECF ONLY**
Hon. Paul G. Gardephe, U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 705
New York, NY 10007

       Re:    *Martin J. Benzing, et al. v. Tully Construction Co., et al*
                United States District Court for the Southern District of New York
                <u>Case No.:     21 Civ. 5315 (PGG)</u>

Dear Judge Gardephe:

       We represent Plaintiffs, Martin and Annastacia Benzing ("Plaintiffs"), in the above-referenced personal injury action seeking recovery for a traumatic brain injury and other injuries sustained by Mr. Benzing while working at the Bruckner Viaduct Construction Site on August 20, 2019. We write in accordance with Rules IV(A) and (E) of Your Honor's Individual Practices to respectfully request leave to file a motion to compel discovery and/or strike answer and appropriate sanctions against Defendant, Tully Construction Co., Inc. and Posillico Civil Inc. (collectively "Defendant" or "Tully"). Unfortunately, this motion is necessitated by Tully's intentional and complete failure to respond to outstanding discovery since October 2022 and despite numerous requests, conferences, and attempts to obtain discovery necessary to move this action.

**I.**     <u>**Background of Dispute**</u>

       This case was originally filed on June 16, 2021 and the matter came before the Court for an initial conference on January 10, 2022, after which the Court entered the parties' agreed-upon Civil Case Management Plan and Scheduling Order ("Scheduling Order"). [Doc. Entry No. 35]. Pursuant to the Scheduling Order, fact discovery was to be completed by June 30, 2022, with internal deadlines for service and response to written discovery in January 2022.

       On April 7, 2022, the matter came back before Your Honor for a case management conference. At that time, the parties jointly sought a 60-day extension of discovery, in large part, based on defense counsel's position that there were delays in obtaining records from third-party medical providers. (<u>See</u> ECF No. 43). The Court granted the parties' request, without objection, to obtain any previously served, but outstanding discovery and to conduct depositions.

Case 1:21-cv-05353-PGG-RW Document 51 Filed 12/19/22 Page 2 of 3

Hon. Paul G. Gardephe, U.S.D.J.
December 19, 2022
Page 2 of 3

On or about September 2, 2022, a new handling attorney entered an appearance on behalf of Tully and, based in large part on his recent entry in the case, the parties agreed-upon and submitted a Stipulated First Amended Scheduling Order that was subsequently entered by the Court on September 9, 2022. [Doc. ECF No. 48]. Under the First Amended Scheduling Order, fact discovery was to be completed by November 30, 2022.

In an effort to comply with the deadlines, by letters dated October 13, 2022, Plaintiff outlined numerous deficiencies in Defendant's discovery responses and served deposition notices for Defendant's witnesses, including a request for witness(es) pursuant to Rule 30(b)(6).

Unfortunately, shortly thereafter, counsel for Tully became unavailable and was subsequently replaced by yet another handling attorney, Tully's fourth since the filing of this action. We have had countless follow up correspondence, emails, and conference calls to obtain compliance with the outstanding discovery demands and dates for the noticed depositions. These include, without limitation, multiple emails throughout October and November, letters on October 26 and November 23, 2022, and conference calls on October 28th and November 2, 2022. Notwithstanding the foregoing, Tully has, to date, failed to provide the requested discovery, failed to respond to the identified deficiencies, and failed to provide a single deposition date.

In contrast, although we are continuing to work through any outstanding deficiencies, Third-Party Defendant, Structural Services, Inc. ("SSI"), has been responsive in its efforts to comply with discovery and recently made a supplemental production which we are in the process of reviewing. We expect dates for SSI depositions to be set shortly.

Tully, however, has wholly failed to respond. As such, by letter dated November 4, 2022, we respectfully requested a case management conference to address these issues. Since that time, Tully has continued to fail to produce discovery or to respond to deposition notices.

On the contrary, Plaintiff has continued to comply with discovery, including untimely requests. On November 4, nearly 10 months after the Court Ordered deadline (See ECF No. 35, ¶ 7(a)), Tully served a new request for production seeking fifty (50) additional authorizations. Despite the overbroad and untimely request, Plaintiff consented to execute same upon receipt of fully prepared authorizations. When the authorizations were not forthcoming, on January 10, 2022, we again sent an email requesting same. By email dated November 16, 2022, Tully produced **84 new requested authorizations**. We provided the fully executed authorizations within three days on November 21, 2022. Plaintiff has fully and timely responded to all discovery requests, even when they were patently improper.

Notwithstanding the foregoing, Tully has continued to ignore its discovery obligations, has still failed to respond to the discovery deficiency letter dated October 13, 2022, has not produced a single additional record (including daily reports from SiteManager, certified payrolls, Project-Specific Site Safety Plan, and other basic records), and has wholly failed to respond with dates for noticed depositions.

Hon. Paul G. Gardephe, U.S.D.J.
December 19, 2022
Page 3 of 3

## II. Requested Relief

As a result of the complete breakdown in Tully's discovery efforts, and the current looming deadlines, we have been left with no choice but to respectfully request leave to file an appropriate motion to compel and/or strike Defendant's answer in accordance with Fed.R.Civ.P. 37 and to seek appropriate monetary sanctions.

Plaintiff was severely injured in August 2019 and has been completely unable to work since that time. This matter simply cannot carry on forever. Despite our efforts to work with Defendant, they appear to be litigating this matter on their own schedule, and not the one set by this Court. In order to avoid further prejudice to our clients, we respectfully request judicial intervention; otherwise, it appears inevitable that this matter will draw on throughout 2023.

We thank Your Honor for Your continued attention to this action.

> Respectfully Submitted,
>
> */s/ Nicholas A. Vytell*
>
> Nicholas A. Vytell

cc: All Counsel (via ECF)

**MEMO ENDORSED:  Plaintiff's request is granted.  This discovery dispute has been referred to the designated Magistrate Judge, with whom the parties should confer about setting a date and time for a conference.**

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge
Dated: December 21, 2022