UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN J BENZING and ANNASTACIA BENZING,

Plaintiffs,

-v-

TULLY CONSTRUCTION CO, INC. et al.,

Defendants.

TULLY-POSILLICO JV et al.,

Third-Party Plaintiffs,

-v-

STRUCTURAL SERVICES, INC.,

Third-Party Defendant.

21cv5315 (DLC)

OPINION AND ORDER

DENISE COTE, District Judge:

On October 6, 2026, the Tully-Posillico defendants and third-party defendant Structural Services Inc. ("SSI") filed motions in limine to limit the testimony of plaintiffs' medical experts Nirav K. Shah, M.D., Bradley G. Sewick, Ph.D., and Howard L. Forman, M.D. Following the final pretrial conference on October 20, the parties were directed to submit additional briefing on the admissibility of those experts' opinions concerning (1) dementia and (2) the need for an additional

surgery. The parties filed additional memoranda on November 3, 2026.

As set forth in its October 6 motion in limine and elaborated in its November 5 submission, SSI moves to bar testimony that would suggest that a speculative future harm may support an award of future damages, including future medical expenses. Under New York law, plaintiffs seeking damages for future consequences of a defendant's injurious conduct must establish with "reasonable certainty" that those damages "will result from the original injury." Strohm v. New York, Lake Erie & Western R.R. Co., 96 N.Y. 305, 306 (1884).[1] This standard is particularly important when the request for damages concerns a latent or new condition that is not yet manifest at the time of trial. Bossio v. Fiorillo, 620 N.Y.S.2d 596, 598 (3d Dep't 1994). "Consequences which are contingent, speculative, or merely possible are not properly considered in ascertaining damages." Askey v. Occidental Chem. Corp., 477 N.Y.S.2d 242, 247 (4th Dep't 1984), abrogated on other grounds by Caronia v. Philip Morris USA, 22 N.Y.3d 439 (2013). Thus, evidence of an "increased risk" of a condition occurring, even a serious

[1] Where, as here, the parties assume New York law applies, "such implied consent is sufficient to establish choice of law." Chau v. Lewis, 771 F.3d 118, 126 (2d Cir. 2014).

condition, is an insufficient basis for an award of damages. See Fusaro v. Porter-Hayden Co., 548 N.Y.S.2d 856, 860 (N.Y. Sup. Ct. 1989), aff'd 565 N.Y.S.2d 357 (1st Dep't 1991)(Table) (cancer). As plaintiffs recognize, in the context of future medical expenses, this means that expert testimony must establish "with a degree of reasonable medical certainty that such expenses will be incurred." Id.

Accordingly, New York's appellate courts have held that testimony that a condition "may" or "might" develop is too speculative, opened the door for the jury to improperly estimate damages, and required a new trial. Strohm, 96 N.Y. at 307. Similarly, opining that there is merely a "substantial possibility" or increased risk of a condition developing in the future is insufficient to support a claim for future damages. Cohen v. Lizza, 404 N.Y.S.2d 600, 601 (1st Dep't 1978) (remanding for new trial on damages where trial court erroneously permitted plaintiff's physician to testify that "there was a substantial possibility" that he would develop a new condition in the future); Bossio, 620 N.Y.S.2d at 598 (where plaintiff's only claim for physical injury was the increased risk of cancer that resulted from defendants' delay in removing cancerous tumor, court held that such an "increase in the potential for cancer recurring" did not constitute "medical

proof of a reasonable certainty" that the future condition would occur and could not support recovery of damages); Ivory v. Int'l Bus. Machs. Corp., 964 N.Y.S.2d 59, at *4 (Table) (N.Y. Sup. Ct. 2012), aff'd as modified, 983 N.Y.S.2d 110 (3d Dep't 2014) ("excess" risk of consequence over lifetime is insufficient).

Reasonable certainty requires proof that it is "more likely than not (a greater than 50% chance) that the projected consequences will occur." Fusaro, 548 N.Y.S.2d at 859; see also Ivory, 964 N.Y.S.2d at *4 ("The term 'reasonable certainty' is generally accepted to mean more likely than not -- greater than a 50% chance -- that the risk will occur or, stated another way, a statistical likelihood that the disease will result.").

Testimony about the likelihood that Martin Benzing will require future surgery and develop dementia is only relevant to the extent such testimony may support Benzing's claim for future damages. Accordingly, testimony about the likelihood of future consequences stemming from Benzing's 2019 injury that does not satisfy the reasonable certainty standard may be excluded as irrelevant and unduly prejudicial in light of a jury's likely reaction to the specter of dementia. See Fed. R. Evid. 402, 403, 702. This principle is applied to each of plaintiffs' experts in turn.

**Dr. Shah.** As relevant here, Dr. Shah's March 3, 2024

report asserts with "medical certainty" that Benzing will undergo future, adjacent level surgery to certain disks. While defendants dispute the reliability of that conclusion and may test its merits during cross-examination, the proffered testimony satisfies New York's requirement that the expense be "reasonably certain." See Johns v. Crown Equip. Corp., 244 N.Y.S.3d 788, 792 (3d Dep't 2025) (upholding award where expert said that symptoms were "inevitable").

Dr. Shah also opines that Benzing's neurocognitive limitations are "never expected to resolve, and, more likely, will be degenerative," and more specifically that "there is a high probability he will suffer accelerated neurodegenerative changes, leading to early dementia." SSI argues an assertion of "high probability" does not establish the "absolute probability that Benzing will develop dementia." New York law, however, does not require 100% probability, only "reasonable certainty." Read in context, Dr. Shah's opinions regarding the likelihood of accelerated neurodegenerative changes that lead to dementia are couched in a sufficiently high degree of medical certainty such that, if the jury credits those opinions, they may support future damages. The Tully-Posillico defendants and SSI may of course challenge the reliability of these opinions on cross-examination.

**Dr. Sewick.** As relevant here, Dr. Sewick's May 1, 2021 report opines that Benzing's current condition "could be indicative of the precipitation of a dementing process" and that Benzing has a "substantial increased probability of developing early dementing condition." Dr. Sewick's October 21, 2022 report likewise refers to treatments he recommends to manage "the risks of neurocognitive degeneration/dementing process."

These opinions stop short of asserting that Benzing is more likely than not to suffer in the future from dementia; as SSI points out, "[a]n increase in risk from an unidentified baseline does not establish that dementia is reasonably probable for Benzing or that the projected dementia-related services will be necessary." Accordingly, Dr. Sewick's opinions regarding the increased risk that Benzing will develop those conditions cannot support an award of future damages under New York law and are therefore inadmissible. See Cohen, 404 N.Y.S.2d at 601; Bossio, 620 N.Y.S.2d at 598. As such, Dr. Sewick's testimony that Benzing suffers from a neurocognitive disorder is admissible, but his additional statement that it is accompanied by "concerns of early dementing process" is not. Similarly, his opinion that "[i]f a degenerative process is present, the clinical course would typically be that of slow decline with heightened impairment and diminished capacity" is excluded.

**Dr. Forman.** The "conclusions" section of Dr. Forman's report opines that "[i]t is important also to note that [a traumatic brain injury, (TBI)] leads to an increased risk of dementia as well as other neurologic diseases including Parkinsons." Dr. Forman further states that "[b]ased on the progression of [Benzing's] recovery to date it is more than likely that his TBI is progressive." The former statement, couched only in an "increased risk" of a medical consequences cannot support future damages under New York law for the reasons stated above and is therefore inadmissible. Similarly, the second statement is inadmissible because it amounts to no more than an opinion that Benzing suffers from an increased risk that his disease is progressive.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that Dr. Sewick may not testify regarding the likelihood that Martin Benzing will develop dementia. Plaintiffs' other experts likewise may not refer to this opinion of Dr. Sewick.

IT IS FURTHER ORDERED that Dr. Forman may not testify that a traumatic brain injury leads to an increased risk of dementia.

IT IS FURTHER ORDERED that the plaintiffs shall provide defendants no later than **November 18, 2026** with a proffer of testimony they intend to elicit from Dr. Sewick and Dr. Forman

so that any remaining dispute can be addressed on November 30.

IT IS FURTHER ORDERED that the conference scheduled for November 17 at 10:00 a.m. is cancelled.

Dated: New York, New York
November 13, 2026

DENISE COTE
United States District Judge